Daniel H. Lee (SBN 217001)
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
Email: daniel.lee@wilsonelser.com

Attorneys for Plaintiffs,
HARTFORD FIRE INSURANCE COMPANY, TRUMBULL INSURANCE COMPANY, HARTFORD INSURANCE COMPANY OF THE MIDWEST, HARTFORD CASUALTY INSURANCE COMPANY, and SENTINEL INSURANCE COMPANY LTD.

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, TRUMBULL INSURANCE COMPANY, HARTFORD INSURANCE COMPANY OF THE MIDWEST, HARTFORD CASUALTY INSURANCE COMPANY, and SENTINEL INSURANCE COMPANY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> RICHER POORER LLC, <br><br> Defendant. | Case No.: **'23 CV 1918 WQH AHG** <br><br> **COMPLAINT FOR:** <br> **1. BREACH OF CONTRACT;** <br> **2. ACCOUNT STATED;** <br> **3. UNJUST ENRICHMENT / QUANTUM MERIT.** <br><br> **THE AMOUNT OF THE DEMAND IN THIS ACTION IS OVER $75,000** |

Plaintiffs, Hartford Fire Insurance Company, Trumbull Insurance Company, Hartford Insurance Company of the Midwest, Hartford Casualty Insurance Company and Sentinel Insurance Company Ltd, by and through their undersigned attorneys, as and for their Complaint against defendant, Richer Poorer LLC, allege

as follows:

## Nature of Action

1. This is an action for breach of contract to recover money damages based upon Defendant's failure to pay the full premiums owed under certain insurance policies issued by Plaintiffs.

## Parties

2. Plaintiffs Hartford Fire Insurance Company, Trumbull Insurance Company and Sentinel Insurance Company Ltd. are Connecticut corporations. Plaintiffs Hartford Insurance Company of the Midwest and Hartford Casualty Insurance Company are Indiana corporations. All plaintiffs maintain their principal place of business at One Hartford Plaza, Hartford, Connecticut 06155 (collectively, "Plaintiffs" or "The Hartford").

3. Defendant Richer Poorer LLC ("Defendant"), is a California limited liability company, which maintains its principal place of business at 120 Mata Way, Suite 104, San Marcos, California 92069.

4. Upon information and belief formed after conducting a diligent search of the public records, the individual members of Defendant are also citizens of the State of California who have no connection to the States of Connecticut or Indiana for purposes of diversity jurisdiction.

## Jurisdiction and Venue

5. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because it involves citizens of different states and an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

6. Venue of this action in the Southern District of California is proper under 28 U.S.C. § 1391(b) in that it is the District where Defendant resides and where a substantial part of the events giving rise to this action occurred.

## Background Facts

7. At the request of Defendant, The Hartford issued the following

insurance policies:

- Workers Compensation Insurance Policy No. 72-WE-RT8266 for the period of 4/26/2018 to 4/26/2019 ("Policy 1"), and also for the periods of 4/26/2019 to 4/26/2020 ("Policy 2") and 4/26/2020 to 4/26/2021 ("Policy 3");
- Special Multi- Flex Policy No. 72-UUQ-ZN8749 for the period of 2/27/2020 to 2/27/2021, ("Policy 4"); and
- Umbrella Liability Policy No. 72-XHQ-YD3018 for the period of 2/27/2020 to 2/27/2021, ("Policy 5") (collectively the "Policies").

8. Pursuant to the Policies, Defendant agreed to pay certain premiums to The Hartford. The premiums were based upon a number of factors including Defendant's gross sales, estimated payroll, number of employees and applicable employee classification codes.

9. The premiums under Policy 1, Policy 2, Policy 3, and Policy 4 were initially estimated based upon the information supplied by Defendant and expressly subject to adjustment after an audit of Defendant's applicable books and records at the conclusion of the policy periods. The premiums under Policy 5 were in a fixed amount and not subject to audit.

10. At the end of the respective policy periods, Hartford conducted audits pursuant to which it was determined that Defendant owed additional premiums under Policy 1 in the amount of $8,765.50; additional premiums under Policy 2 in the amount of $38,097.60, and additional premiums under Policy 3 in the amount of $50,314.30. Policy 4 had a fixed premium amount owed in the sum of $7,199.00. Policy 5 had a fixed premium amount owed in the sum of $1,212.00. Hence, the total unpaid premiums owed by Defendant under the five Policies equals $105,588.40 (the "Unpaid Premiums").

11. On or about March 1, 2023, The Hartford sent to Defendant a demand letter with a breakdown of billing activity for the Unpaid Premiums owed under the

Policies (the "Demand Letter"), no part of which has been paid. A true and correct copy of the Demand Letter is annexed hereto as **Exhibit A**.

## AS AND FOR A FIRST CAUSE OF ACTION
## (Breach of Contract)

12. The Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 11 as if fully set forth herein.

13. Defendant has wrongfully refused to pay the Unpaid Premiums due under the Policies.

14. The Hartford has fully complied with all of its obligations under the Policies.

15. Defendant breached the terms and conditions of the Policies by failing to pay the Unpaid Premiums as invoiced.

16. As a result of Defendant's breach of the Policies, Hartford has been damaged in the sum of $105,588.40 (excluding interest, fees and costs).

## AS AND FOR A SECOND CAUSE OF ACTION
## (Account Stated)

17. The Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 16 as if fully set forth herein.

18. The amount of Unpaid Premiums owed to Plaintiffs pursuant to the Polices is $105,588.40.

19. The Demand Letter sent to Defendant (Exhibit A) created an express and implied agreement between the parties as to the amount of the Unpaid Premiums due under the Policies.

20. Defendant received and retained the Demand Letter and did not, contemporaneously or reasonably thereafter, object to or dispute the amounts or charges contained therein and thereby accepted the Demand Letter.

21. Defendant has wrongfully failed to pay the Unpaid Premiums as invoiced despite The Hartford's demands for payment.

22. As a result of Defendant's failure to pay the amounts due as invoiced, The Hartford has been damaged in the sum of $105,588.40 (excluding interest, fees and costs).

## AND FOR A THIRD CAUSE OF ACTION
## (<u>Unjust Enrichment / Quantum Merit</u>)

23. Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 22 as if fully set forth herein.

24. The Policies provided Defendant with insurance coverage for the benefit of the company and its employees.

25. Accordingly, as a matter of equity, Defendant should be held liable for the Unpaid Premiums owed under the Policies since Defendant directly benefited from the insurance coverage provided by The Hartford.

**WHEREFORE**, Plaintiffs, Hartford Fire Insurance Company, Trumbull Insurance Company, Hartford Insurance Company of the Midwest, Hartford Casualty Insurance Company and Sentinel Insurance Company Ltd, hereby demand that a judgment be entered against Defendant Richer Poorer LLC, in the sum certain of $105,588.40, together with pre- and post-judgment interest thereon at the statutory rate of 10% per annum, and an award of the costs incurred herein, and such other, further and different relief as the Court may deem just and proper.

Respectfully submitted,

Dated: October 18, 2023         WILSON, ELSER, MOSKOWITZ,
                                                        EDELMAN & DICKER LLP

                                                By: _*/s/ Daniel H. Lee*_
                                                        Daniel H. Lee
                                                        Attorneys for Plaintiffs,
                                                        HARTFORD FIRE INSURANCE COMPANY,
                                                        TRUMBULL INSURANCE COMPANY,
                                                        HARTFORD INSURANCE COMPANY OF
                                                        THE MIDWEST, HARTFORD CASUALTY
                                                        INSURANCE COMPANY, and SENTINEL
                                                        INSURANCE COMPANY LTD.

5
COMPLAINT

288327095v.1